UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY BRIAN MALLGREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-03003 (UNA) |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se*, has filed a Complaint ("Compl."), ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application, and for the reasons discussed below, it dismisses this matter without prejudice.

Plaintiff sues the United States and the U.S. Supreme Court Justices. *See* Compl. at 1. The Complaint is vague, at best. Plaintiff alleges that he

> originally entered into litigation under the seemingly initial false impression that the United States court allowed someone to proceed through trial as a pauper, as a test of resolve, ensuring that a litigant was truly in financial duress sufficient enough to warrant a period of resource deprivation while involved in a scoped litigation ("Trial Scoped Pauper"). In addition to Trial Scoped Pauper, Anthony Brian Mallgren, petitioner, was also under the seemingly initial false impression that the United States court would cease application of forced resource deprivation after the trial and grant a potentially financial judgement based upon the merits found at trial ("Financial Merit"). After performing research, Anthony Brian Mallgren, petitioner, could not find one instance where a litigant, against which an in forma pauperis motion had been granted, had been granted a monetary judgement.

*Id.* (paragraph numbers removed). Plaintiff demands "[e]xplanation of current *in forma pauperis* applications," and "[a]djustment to allow Financial Merit." *Id.*

*Pro se* litigants must comply with the Federal and Local Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Federal Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, Plaintiff's ambiguous allegations fall well short of providing notice of any claim or establishing this Court's subject matter jurisdiction. Furthermore, the Court cannot, as Plaintiff requests, instruct a *pro se* litigant or advocate on his behalf. *See Moore v. Agency for Int'l Dev.*, 994 F. 2d 874, 876 (D.C. Cir. 1993).

Accordingly, and for all of these reasons, the Court dismisses the Complaint, and this matter, without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

Date: December 8, 2025

TREVOR N. McFADDEN
United States District Judge